**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**DIVISION BOWLING GREEN**
**CIVIL ACTION NO. 1:25-CV-00108-CRS-HBB**

**VANNIE F.**[1]                                                                                     **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY**                                          **DEFENDANT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Before the Court is the Complaint of Vannie F. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1).[2]  As Plaintiff initiated this civil action after the applicable deadline, she filed a Motion for Extension of Time to File Complaint (DN 13) and the Commissioner ("Defendant") filed a Motion to Dismiss Complaint, or Alternatively, Motion for Summary Judgment (DN 22).  For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's motion, **GRANT** the Commissioner's motion, and issue summary judgment in the Commissioner's favor.

### I.        BACKGROUND

On December 14, 2022, Plaintiff protectively filed an application for supplemental security income ("SSI"), in which she alleged disability since December 14, 2020 (DN 22-1 PageID # 68). By cover letter dated September 26, 2024, Administrative Law Judge Jeremy Eldred ("ALJ")

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

2 Pursuant to General Order No. 2023-02 and 28 U.S. C. § 636(b)(1)(B), this matter has been referred to the undersigned United States Magistrate Judge to review the arguments of the parties and submit Findings of Fact, Conclusions of Law, and Recommendations.

notified Plaintiff of and provided her with the decision denying her SSI application (DN 22-1 PageID # 65-67, 68-77).   Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (*Id.* at PageID # 63).

By Notice dated June 6, 2025, the Appeals Council informed Plaintiff that it denied her request for review (*Id.* at PageID # 83).[3]   The Appeals Council's Notice advised Plaintiff that if she disagreed with its action, she may ask for court review of the ALJ's decision by filing a civil action (*Id.* at PageID # 84).   The Appeals Council's Notice explained how to file a civil action (*Id.*).   Additionally, the Notice includes the following announcement:

> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> - The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice.   Please put the Social Security number(s) on your request.   We will send you a letter telling you whether your request for more time has been granted.

(*Id.* at PageID # 85).

Plaintiff initiated this civil action by filing the Complaint on Wednesday, August 13, 2025 (DN 1).   On Wednesday, September 3, 2025, Plaintiff filed a Motion for Extension of Time to File Complaint under Fed. R. Civ. P. 6(b) (DN 13).

---

3 The letter is addressed to Plaintiff, C/O Michael Bouge, 107 Lowell Ave, Campbellsville, KY 42718 (*Id.* at PageID # 83).

Due to the government shutdown in 2025, the case was stayed between October 1 and November 13, 2025, pursuant to General Order No. 25-13, as amended (Order [non-document], Oct. 1, 2025; Amended Order [non-document], October 15, 2025; Order [non-document], Nov. 13, 2025).   The Court distributed General Order No. 25-13 and amendments thereto by electronic service to all registered CM/ECF users; and by posting it on the Court's public website.

On December 23, 2025, Defendant filed a Motion to Dismiss Complaint, or Alternatively, Motion for Summary Judgment (DN 22).   Defendant attached to the motion several exhibits, including: (1) the ALJ's decision, dated September 26, 2024 (DN 22-1 PageID # 68-77); (2) the Appeals Council's Notice, dated June 6, 2025, that denied Plaintiff's request to review the ALJ's decision (*Id.* at PageID # 83-86); and (3) a Declaration of Rosanna Mapp, Branch Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration (*Id.* at PageID # 61-64).

On January 30, 2026, Plaintiff filed a response to Defendant's dispositive motion (DN 25). Defendant has not filed a reply.

## II.    STANDARD OF REVIEW

While Defendant moved to dismiss and in the alternative for summary judgment, the undersigned will consider Defendant's motion only as one for summary judgment because the motion relies upon matters outside the pleadings, including a declaration with exhibits.   *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").   Sister courts within the Sixth Circuit have reached the same conclusion under analogous circumstances.   *See, e.g., Jose R. D. v. Comm'r of Soc. Sec.*, No. 2:25-

cv-985, 2026 WL 835906, at *1 (S.D. Ohio Mar. 26, 2026);   *Lutz v. Comm'r of Soc. Sec.*, No. 1:25-CV-1918, 2026 WL 491019, at *2 (N.D. Ohio Feb. 23, 2026); *Spires v. Comm'r of Soc. Sec.*, No. 1:15CV1096, 2015 WL 7576011, at *1 (N.D. Ohio Nov. 2, 2015), *report and recommendation adopted*, 2015 WL 7575936 (N.D. Ohio Nov. 25, 2015).

When a court converts a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."   Fed. R. Civ. P. 12(d).   Here, Plaintiff had reasonable notice of Defendant's alternate request for summary judgment and therefore had the opportunity to present evidentiary materials in opposition to the Defendant's motion.   *See Jessie S. v. Comm'r of Soc. Sec.*, No. 2:23-cv-01357, 2023 WL 5528603, at *2 (S.D. Ohio Aug. 28, 2023).   Additionally, at Plaintiff's request (DN 23), the undersigned provided Plaintiff with additional time to respond to the motion (DN 24).   Sister courts within the Sixth Circuit have reached a similar conclusion under analogous circumstances.   *See, e.g., Jose R. D.*, 2026 WL 835906, at *1; *Lutz*, 2026 WL 491019, at *2.

### III.   APPLICABLE LAW

The Social Security Act sets forth the time limitation for seeking judicial review of an unfavorable agency decision. The relevant statute provides in part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

4

The applicable regulation further provides:

(c) *Time for instituting civil action.*   Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . except that this time may be extended by the Appeals Council upon a showing of good cause.   For the purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. . . .

20 C.F.R. § 422.210(c).

## IV.   **DISCUSSION**

Here, the Appeals Council's Notice is dated June 6, 2025 (DN 22-1 PageID # 83). Plaintiff concedes that she received the Notice five days later on June 11, 2025 (DN 13).   Sixty-five days from Friday, June 6, 2025, is Sunday, August 10, 2025.   As Plaintiff's last day is a Sunday, the period in which Plaintiff had to file her civil action continued until the end of Monday, August 11, 2025.   *See* Fed. R. Civ. P. 6(a)(1)(C).   But Plaintiff initiated this civil action by filing the Complaint on Wednesday, August 13, 2025 (DN 1).   Consequently, Plaintiff filed her civil action two days late.

The regulations do, however, provide:

Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended.   The request must be in writing and it must give the reasons why the action was not filed within the stated time period.   *The request must be filed with the Appeals Council*, or if it concerns an expedited appeals process agreement, with one of our offices.   If you show that you had good cause for missing the deadline, the time period will be extended.   To determine whether good cause exists, we use the standards explained in § 416.1411.

20 C.F.R. § 416.1482 (emphasis added).   This regulation is the reason why the Appeals Council's Notice instructed, "[y]ou *must mail your request for more time to the Appeals Council* at the

5

address shown at the top of this notice" (DN 22-1 PageID # 85) (emphasis added).   Notably, in her declaration, Ms. Mapp averred that she is not aware of any request from Plaintiff for an extension of time to file a civil action as specified in the Appeals Council's Notice and in "section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) and in section 422.210 of Social Security Administration regulations No. 22 (20 CFR 422.210)" (DN 22-1 PageID # 64).

Unquestionably, the italicized language in the regulation and the Appeals Council's Notice sets forth a clear and unequivocal mandate.   For this reason, Plaintiff's suggestion to the contrary is specious at best (DN 25 PageID # 94-95).   Alternatively, Plaintiff argues the Court should accept the untimely filing of her Complaint under Fed. R. Civ. P. 6(b)(1)(B) because it is the result of excusable neglect by her attorney (*Id.*) (citing *Jessie S. v. Comm'r of Soc. Sec.*, No. 2:23-cv-01357, 2023 WL 5528603 (S.D. Ohio Aug. 28, 2023)).   Relatedly, shortly after filing the Complaint, Plaintiff filed a Motion for Extension of Time to File Complaint that seeks relief under Fed. R. Civ. P. 6(b) due to excusable neglect by her attorney (DN 13).[4]   More specifically, Plaintiff indicates that her counsel mis-calendared the filing deadline for the Complaint (DN 13; DN 25 PageID # 94).

In *Jessie S.* a sister court acknowledged that "the excusable neglect determination is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" 2023 WL 5528603, at *4 (citation omitted).   It explained:

> To determine whether excusable neglect exists, the Court must balance five principal factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."

---

4 Plaintiff mistakenly cites two motions she filed in this Court (DN 25 PageID # 94) (citing DN 6, 10).   Those motions requested an extension of time to re-submit the Application to Proceed Without Prepayment of Fees (DN 6, 10).

*Id.* (citation omitted).    Further, the *Jessie S.* court observed that the Sixth Circuit "has held that excusable neglect is a 'strict standard which is met only in extraordinary cases.'"    *Id.* (citation omitted).    It noted, the determination whether to accept a late filing is a matter within the court's broad discretion.    *Id.*

The undersigned will begin by addressing the third and fourth factors.    Notably, in *Jessie S.* the court observed that counsel was prevented from attending to her professional responsibilities due to emergency surgery and a recovery period that lasted longer than expected.    2023 WL 5528603, at *5.    In stark contrast, the delay here was within counsel's reasonable control because she mis-calendared the filing deadline and that resulted in the Complaint being filed two days late. Under these circumstances, to accept Plaintiff's excusable neglect argument would deprive the term "deadline" of much of its meaning.    Therefore, Plaintiff has not satisfied the third and fourth factors.

Moving to the first and second factors, the Sixth Circuit requires strict adherence to the sixty-five-day deadline.    *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). The Sixth Circuit explained, "[a]lthough allowing [the plaintiff] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."    *Id.*    Consequently, Plaintiff has not satisfied the first and second factors.    Considering the circumstances it is unnecessary to address the fifth factor.

For the foregoing reasons, the undersigned concludes that Plaintiff filed her Complaint two days after the statute of limitations and is not entitled to relief under Fed. R. Civ. P. 6(b)(1)(B) due

to excusable neglect.   The undersigned further concludes that there is no genuine issue as to any material fact and the Commissioner is entitled to judgment as a matter of law.

## V.    RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's motion, **GRANT** the Commissioner's motion, and issue summary judgment in the Commissioner's favor.

May 5, 2026

H. Brent Brennenstuhl
United States Magistrate Judge

## VI.    NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed, or further appeal is waived.   *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

May 5, 2026

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:        Counsel